IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NEW HAWAII REGIONAL CENTER LLC,**<br>18881 Von Karman Avenue, Suite 1000<br>Irvine, California 92612<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>5900 Capital Gateway Drive<br>Camp Springs, Maryland 20588<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff New Hawaii Regional Center LLC ("**Plaintiff**"), through its undersigned counsel, by way of complaint against defendant United States Citizenship and Immigration Services ("**USCIS**"), hereby alleges and states as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action to remedy the unreasonable, arbitrary, and capricious delay by USCIS in adjudicating its Form I-956, *Application for Designation as a Regional Center* (the "**Form I-956**"). The Form I-956 meets all of the requirements for adjudication. USCIS's continuing and inexcusable delay in acting on the Form I-956 warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("**Mandamus Act**"), 28 U.S.C. § 1361.

The continued delay in adjudicating the Form I-956 is causing significant harm to Plaintiff. Accordingly, Plaintiff respectfully requests this Court to issue an order, pursuant to the Mandamus Act, directing USCIS to adjudicate the Form I-956 within a time frame that this Court deems

appropriate under the circumstances.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Hawaii and having its principal place of business at 18881 Von Karman Avenue, Suite 1000, Irvine, California 92612.

2. USCIS is a federal agency and a component of the United States Department of Homeland Security, a cabinet-level department of the federal government of the United States, and having its headquarters located at 5900 Capital Gateway Drive, Camp Springs, Maryland 20588. The Immigrant Investor Program Office (the "**IPO**") of USCIS oversees the Employment-Based Fifth Preference ("**EB-5**") Immigrant Investor Program (the "**EB-5 Program**").

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq*. ("**INA**"), and its implementing regulations.

4. Further, this Court has subject matter jurisdiction over this action and may grant relief pursuant to the Mandamus Act, 28 U.S.C. § 1361.

5. Venue is proper in the District of Maryland under 28 U.S.C. § 1391(e) because this is an action against an agency of the United States, brought in the district where a substantial part of the events giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff was formed on November 1, 2023 by the filing of *Articles of Organization* with the Secretary of State of the State of Hawaii.

7. Plaintiff was formed to act as an authorized regional center covering all of Hawaii under the EB-5 Program. Once Plaintiff obtains approval as a regional center, Plaintiff will

sponsor capital investment projects for investment by individuals seeking to obtain lawful permanent resident status in the United States through participation in the EB-5 Program. Those projects will raise millions of dollars for construction and related uses in Hawaii and will create hundreds of full-time jobs in Hawaii.

8. By way of background, the United States Congress created the EB-5 Program in 1990 to stimulate the United States economy through job creation and capital investment by foreign investors seeking lawful permanent resident status in the United States. Under the EB-5 Program, a foreign citizen may seek to obtain lawful permanent resident status by investing either $800,000 or $1,050,000—the greater amount is required unless the investment pertains to a project located in a high-unemployment area or a rural area, or to an infrastructure project—in a qualifying new commercial enterprise, that investment creates at least ten full-time jobs, and the investor satisfies the other requirements of the EB-5 Program. *See generally* 8 U.S.C. § 1153(b)(5).

9. In 1992, Congress created the Immigrant Investor Pilot Program, which is now known as the Immigrant Investor Program. This subset of the EB-5 Program permits an EB-5 investor to invest the requisite capital in a qualifying new commercial enterprise through a USCIS-approved regional center. A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each regional center may sponsor one or more new commercial enterprises. One of the primary benefits to foreign investors who invest in a new commercial enterprise through a regional center is that they are able to count indirect jobs—that is, jobs that are created outside of the new commercial enterprise by a job creating enterprise—in order to satisfy the job creation requirements of the EB-5 Program. *See generally* 8 U.S.C. § 1153(b)(5)(E).

10. On March 15, 2022, the EB-5 Reform and Integrity Act of 2022 (the "**RIA**") took

effect. *See* Pub. L. 117-103, 136 Stat. 49, 1070 (Mar. 15, 2022). Amongst the sweeping changes to the INA and to the EB-5 Program that it contains, the RIA requires an entity seeking to be designated as a regional center to seek approval by filing a Form I-956, *Application for Regional Center Designation*, paying the requisite filing fee, and submitting information and documentation in support of the application. *See generally* 6 USCIS Policy Manual G.4, available at https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-4 (last visited Feb. 13, 2025).

11. On November 14, 2023, Plaintiff submitted to USCIS the Form I-956, along with a check in the amount of $17,795.00, representing the filing fee for the Form I-956, payment of the biometric fee for each individual and organization involved with Plaintiff, and a number of additional required documents, including Forms I-956H, *Bona Fides of Persons Involved with Regional Center Program* (each, a "**Form I-956H**"), for the individuals and organizations involved with Plaintiff (almost all of whom or which are affiliated with other approved regional centers and are therefore known to USCIS), an operations and compliance plan (the "**Compliance Plan**"), corporate and ownership documents, sample offering documents consisting of a sample limited partnership agreement, a sample private placement memorandum and a sample subscription agreement, an economic impact analysis, and hypothetical business plans for three projects. In all, Plaintiff's submission was comprised of approximately 340 pages of relevant and required information in support of the Form I-956.

12. By receipt dated November 28, 2023 and bearing Receipt No. INF2300005647, USCIS acknowledged receipt of the Form I-956 and the accompanying materials.

13. On June 27, 2024, Plaintiff submitted to USCIS additional Forms I-956H for two more individuals involved with Plaintiff in further support of the Form I-956, along with information relating to an important and urgent investment project located in the State of Hawaii

in an area that was devastated by Hurricane Iniki and the wildfires in Lahaina, and that was—and remains—in dire need of development to boost the Hawaiian economy and offset losses resulting from the wildfires.

14. On July 5, 2024, Plaintiff submitted to the IPO a request to expedite the processing of the Form I-956 (the "**Request to Expedite**"). In support of the Request to Expedite, Plaintiff explained, amongst other things, that it is part of a family of fourteen regional centers under the America Lending Center Holdings Inc. ("**ALC**") brand, which focuses on small business development in underserved and rural communities, that the first ALC-affiliated regional center was established in 2010, and that as of the date of the submission, ALC-affiliated regional centers had facilitated and funded nearly 100 EB-5 investment projects in underserved areas of the United States. Plaintiff also explained in detail the urgency of its request for approval of the Form I-956 and noted that the Request to Expedite was the first such request that ALC had made in its fourteen-year history, thus demonstrating that Plaintiff understands how exceptional such a request is.

15. Further, Plaintiff explained the historical and cultural significance of the proposed restoration and development project that Plaintiff seeks to sponsor once it is approved as a regional center, noting that the location is listed on the United States National Parks Service Register of Historic Places and the State of Hawaii Register of Historic Places, and that the proposed project will aid in the mitigation and economic recovery of an emergency situation resulting from Hurricane Iniki and the August 2023 wildfires. In that regard, Plaintiff informed the IPO that the proposed project is "shovel ready," that the developer has invested approximately $70 million of equity capital and has obtained all necessary permits and approvals, and that the developer is prepared to seek nearly $250 million in financing under the Property Assessed Clean Energy

("**PACE**") loan program, which financing is contingent on the developer obtaining up to $180 million of EB-5 financing. In support of the foregoing, Plaintiff submitted a number of documents to the IPO, including an economic analysis and term sheets for the PACE loan and an EB-5 loan.

16. On July 8, 2024, the IPO informed Plaintiff by email that it had received the Request to Expedite.

17. On July 10, 2024, the IPO informed Plaintiff by email that the Form I-956 had been assigned to an officer and that as a result, the Request to Expedite would not be processed.

18. On or about July 12, 2024, Plaintiff received from USCIS a *Request for Evidence* dated July 10, 2024 (the "**RFE**"), which requested that Plaintiff submit additional Forms I-956H for three individuals referred to in the Compliance Plan, for two of ALC's passive owners who collectively own 5.21% of ALC through their retirement accounts, and for individuals and entities involved with ALC and an affiliate of Plaintiff, along with an organizational chart for Plaintiff and its parent and affiliates, a list of all natural persons and organizations involved in Plaintiff, ALC, and an affiliate of Plaintiff, and other pertinent information.

19. On July 19, 2024, USCIS received Plaintiff's response to the RFE (the "**RFE Response**"). The RFE Response contained all of the information and documentation that USCIS requested in the RFE, and noted, amongst other things, that as indicated above, there are fourteen approved regional centers under the ALC umbrella, including a number of regional centers approved after the enactment of the RIA, and that all of the individuals and entities involved in Plaintiff are also involved in ALC and have previously submitted Forms I-956H to USCIS, which USCIS approved.

20. Following USCIS's receipt of the RFE Response, Plaintiff heard nothing further from USCIS regarding the Form I-956. Accordingly, Plaintiff inquired by email as to the status

of the Form I-956 on eight separate dates in December 2024. Plaintiff did not, however, receive a response to any of its emails.

21.     By letter dated January 21, 2025 and delivered to USCIS on January 22, 2025, Plaintiff, through its counsel, asked USCIS for an update as to the status of the Form I-956, indicating that Plaintiff is desirous of obtaining approval so that the project it seeks to sponsor, as discussed above, can proceed. As of the date hereof, USCIS has not responded to Plaintiff's counsel's letter.

22.     According to data made available by USCIS, the median processing time—that is, the time it took to complete half of the cases in a given time period—for a Form I-956 has varied during the fiscal years since the enactment of the RIA.[1] Specifically, in fiscal year 2023, the median processing time for a Form I-956 was 9.4 months, in fiscal year 2024, the median processing time for a Form I-956 was 10.4 months, and in the first quarter of fiscal year 2025 (that is, the period of October 1, 2024 to December 31, 2024), the median processing time for a Form I-956 was 8.6 months. *See* https://egov.uscis.gov/processing-times/historic-pt (last visited Feb. 13, 2025).

23.     Also according to data made available by USCIS, during fiscal year 2024, USCIS received 166 Forms I-956, approved 256 Forms I-956, and denied 23 Forms I-956, and as of the end of fiscal year 2024 (that is, as of September 30, 2024), there remained 128 Forms I-956 still pending before USCIS. *See* https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data (last visited Feb. 13, 2025).

---

[1] The federal fiscal year is from October 1 to September 30.

24. Also according to data made available by USCIS, 80% of Forms I-956 adjudicated over the six-month period ending on February 13, 2025 were completed in fifteen and one-half months:



*See* https://egov.uscis.gov/processing-times/ (last visited Feb. 13, 2025). Thus, the actual processing time for a Form I-956 has been, and presently is, far longer than the median processing times for fiscal year 2023, fiscal year 2024, or fiscal year to date 2025, and almost 130 Forms I-956 remained pending as of September 30, 2024, the most recent date for which such information is publicly available.

25. Plaintiff's Form I-956 has been pending before USCIS for approximately fifteen months, and there is no reason for Plaintiff to believe, particularly given the fact that USCIS has ignored the many inquiries made by and on behalf of Plaintiff, that the Form I-956 will be adjudicated anytime soon. In the meantime, Plaintiff cannot proceed to raise EB-5 funds for the potential project discussed above, and that project, which will create hundreds of jobs in Hawaii and spur the redevelopment of an economically devastated area, will not proceed.

26. As a result of USCIS's unreasonable, protracted, and unconscionable delay in the

adjudication of Plaintiff's Form I-956, Plaintiff has suffered and will continue to suffer harm.

27. Plaintiff has no other adequate remedy available to it other than filing the instant action.

28. Plaintiff has retained the undersigned as counsel in this matter and agreed to pay a reasonable fee for counsel's services.

29. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived, or excused.

## COUNT I
## Mandamus Act (28 U.S.C. § 1361)

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Plaintiff seeks a writ of mandamus to compel USCIS to perform a duty owed to it. *See* 28 U.S.C. § 1361.

32. USCIS has failed to discharge its mandated duties by unreasonably delaying the adjudication of Plaintiff's Form I-956, despite the same being in a condition supporting immediate adjudication.

33. As a result of USCIS's failure to adjudicate Plaintiff's Form I-956, Plaintiff has suffered and continues to suffer harm and damages, entitling Plaintiff to declaratory and other relief.

34. To be clear, Plaintiff does not seek, by way of this action, to compel USCIS to approve the Form I-956; rather, Plaintiff seeks to compel USCIS to adjudicate Plaintiff's Form I-956 as it is required to do.  As such, Plaintiff is not required to exhaust its administrative remedies before seeking relief in this Court.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court:

a. compel USCIS to perform its duty to adjudicate Plaintiff's Form I-956 within a time frame that this Court deems appropriate under the circumstances;

b. enter a judgment declaring USCIS's unreasonable delay and failure to adjudicate Plaintiff's Form I-956 to be in direct violation of the INA; and

c. grant to Plaintiff such other and further relief as this Court deems just and proper.


Dated: February 18, 2025

*/s/ Daniel M. Moore*
Daniel M. Moore (Bar No. 21834)
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202
Telephone: (410) 332-8600
daniel.moore@saul.com

and

Steven C. Reingold
(application to appear *pro hac vice* to be filed)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, Massachusetts 02116
Telephone: (617) 723-3300
steven.reingold@saul.com

*Attorneys for Plaintiff,*
*New Hawaii Regional Center LLC*